IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ESTHER AKINNAGBE              *
BRENDA AKINNAGBE
    Plaintiffs              *

    v.                          *    CIVIL ACTION NO. DKC-07-2739

IMMIGRATION CUSTOMS AND       *
 ENFORCEMENT, et al.
    Defendants.             *
                                                     *****

## MEMORANDUM OPINION

Esther and Brenda Akinnagbe filed this *pro se* Complaint for declaratory relief pursuant to 28 U.S.C. § 2201 on October 11, 2007, seeking an immediate stay of deportation on behalf of their sister Emily Akinnagbe, alleging that their constitutional "rights to their sister" are being violated. According to the Complaint Plaintiffs are seventeen and eighteen years old and are naturally-born United States citizens. They allege that their sister Emily was legally admitted to the United States on a visa in 1988 at the age of 8. They claim that their father, a Nigerian national, voluntarily departed the United States in 1996, leaving their mother and Emily with the responsibility of taking care of them. Plaintiffs also claim that Emily took on certain parental roles, *e.g.,* taking them on doctor's visits, meeting teachers, and reviewing homework, when they were younger and their mother worked. The Complaint indicates that Emily has attended college and has been working as an assistant teacher for the past several years.

Plaintiffs allege that in 2001, Emily Akinnagbe filed a special petition with immigration authorities to receive a work authorization, which was denied the following year. The Complaint states that Emily's employer filed for sponsorship in 2002, but this was also denied. Emily was ordered removed in 2006, and was placed under an order of supervision which permitted her "a year

of supervised stay." She is to report every three months to her deportation officer. According to the pleading, this condition is to be followed through October 31, 2007.[1]

Plaintiffs seemingly claim that the immigration court violated their sister Emily's due process by failing to advise her that she was eligible for the waiver under 8 C.F.R. § 242.17(a). They further claim that Emily is "overqualified" for a waiver of relief under Immigration and Naturalization Act ("INA") § 212(h) and as Emily has been in this county prior to changes enacted in immigration laws in 1996, her case may be examined under former § 212(h).[2]

To the extent that Emily Akinnagbe's sisters have filed this case on her behalf seeking to stay her removal at the eleventh hour, they have no standing to so do. Courts have a duty to raise issues of standing *sua sponte*. *See Biggs v. Best, Best & Krieger*, 189 F.3d 989, 998 n. 7 (9th Cir.1999). The standing requirement stems from Article III of the United States Constitution ("Article III), which requires that federal courts adjudicate only actual cases and controversies. *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.,* 517 U.S. 544, 551 (1996). Article III standing is an "indispensable part" of a plaintiff's case. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

---

[1] District Counsel for the Bureau of Immigration and Customs Enforcement confirms that Emily Akinnagbe was subject to a final order of removal in July of 2006 and is out on an order of supervision. He additionally indicates that Emily filed a request for a stay of removal with her deportation officer which was denied on October 3, 2007, and she is to report to immigration authorities on October 31, 2007.

[2] Former Section 212(h) of the INA authorized the Attorney General to grant, in his discretion, a waiver of removal where an immigrant was (1) the spouse, parent, son, or daughter of a citizen of the United States or (2) an alien lawfully admitted for permanent residence and (3) it was established that the denial of admission would result in extreme hardship to a U.S. citizen, or lawfully resident spouse, parent, son, or daughter of such an alien. 8 U.S.C. § 1182(h)(1)(B).

There are two firmly rooted prerequisites for "next friend" standing. First, the "next friend" must provide an adequate explanation– such as inaccessibility, mental incompetence, or other disability– why the real party in interest cannot appear on her own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf she seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted).[3]

According to the materials before the court Emily Akinnagbe is approximately 27 years old, attended Montgomery College, and is an assistant teacher. She is not in custody, having been released on an order of supervision by immigration authorities. Neither Esther nor Brenda Akinnagbe, who allege that they are seventeen and eighteen years old, allege sufficient facts to demonstrate that their sister Emily is unable to prosecute her own claims.[4]

Further, insofar as Plaintiffs are filing this Complaint on their own behalf, the court finds that they have no "constitutional right to their sister." While the courts have long recognized as a component of due process the right to familial relations, this right primarily focuses on the protected liberty interests between parents and children. *See Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *Moore v. City of East Cleveland, Ohio*, 431 U.S. 494, 503 (1977); *Wallis v. Spencer*, 202 F.3d 1126,

---

[3] Plaintiffs, for all intents and purposes, challenge the future removal or "seizure" of their sister. While a person has standing to challenge the seizure of his or her own person, he or she generally does not have standing to assert the constitutional rights of another person. *See Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 369 (9th Cir. 1998).

[4] A challenge has been made with regard to Emily Akinnagbe's removal process. Such an attack may not be made in the federal district courts under § 106(a)(1)(B) of the Real ID Act of 2005 ("RIDA"). RIDA modifies the route aliens must take to seek judicial review of an order of removal and makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. *See Malm v. Gonzales*, 151 Fed. Appx. 252, 255-256 (4th Cir. 2005).

1136 (9th Cir. 2000). Although the court is sympathetic to Plaintiffs' situation and understands their consternation regarding the removal of their sister, as non-parental relatives they have no liberty interest in their right to familial integrity and association with their sister. *See Osborne v. County of Riverside*, 385 F.Supp.2d 1048, 1054-55 (C.D. Cal. 2005).

In light the foregoing decision, the Complaint shall be dismissed by separate Order. Plaintiffs are granted an additional fourteen days to show cause why the filing fee payment should be returned to them.

Date:   __October 17, 2007 __              _____/s/_____
                                                                         ALEXANDER WILLIAMS, JR.
                                                                        for DEBORAH K. CHASANOW
                                                                        United States District Judge